THIRD NATIONAL BANK OF SPRINGFIELD, MASS., RESPONDENT, v. ORLANDO B. HASTINGS, DOING BUSINESS UNDER THE FIRM NAME OF HASTINGS & TODD, APPELLANT.

*Effect, as regards an accommodation maker of a note, of an acceptance of a dividend from the estate of the payee under the insolvency laws of another State by the creditor, a resident thereof.*

In an action brought against an accommodation maker of a note by a national banking association, located at Springfield, in the State of Massachusetts, the defendant, who resided in the State of New York, proved that the Hurlbut Paper Company, the payee of the note, for whose accommodation the note was made, was adjudged to be insolvent, under the laws of the State of Massachusetts, in proceedings duly had there; that the plaintiff proved its debt under the insolvency proceedings, which resulted in the release and discharge of the debtors, upon their paying twenty per cent of their indebtedness, which percentage was received by the plaintiff upon the note.

*Held,* that the discharge of the Hurlbut Paper Company under the Massachusetts insolvent laws, and the acceptance of a dividend by the plaintiff, did not furnish a defense to the defendant.

That, under the circumstances of this case, the appearance of the plaintiff, the creditor, in the insolvency proceedings, and the acceptance of the dividend, in no way deprived the accommodation maker of the note of any rights which he could have insisted upon, as against the debtor, had there not been such an appearance and acceptance of the dividend.

*Semble,* that the rule is otherwise where the debtor and creditor do not reside in the same State.

*Quære,* whether the courts of the State of New York, as against a resident thereof, would give effect to a provision of the insolvent laws of the State of Massachusetts, providing that a discharge thereunder should not release or discharge a person liable for the same debt as partner, joint-contractor, indorser, surety or otherwise.

APPEAL by the defendant Orlando S. Hastings from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of December, 1889, for $2,907.50, in favor of the plaintiff.

The action was brought to recover upon a promissory note made by the defendant, under the firm name of Hastings & Todd, to the order of the Hurlbut Paper Company, by which company it was indorsed and delivered to the plaintiff.

*F. B. Candler* for the appellant.

*J. L. Bishop,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover upon a promissory note made by the defendant under the firm name of Hastings & Todd to the order of the Hurlbut Paper Company, properly indorsed and delivered to and held by the plaintiff. The defendant made the note for the accommodation of the Hurlbut Paper Company, under which name Thomas O. Hurlbut and H. C. Hurlbut conducted business as copartners. The Hurlbuts were afterwards adjudged insolvent under the laws of the State of Massachusetts in proceedings instituted in the Court of Insolvency for the county of Berkshire in that State. The plaintiff proved its debt under the insolvency proceedings, which resulted in a composition and discharge of the debtors under said act, by which it was adjudged that upon the debtors paying into court a sum sufficient to pay to their creditors

twenty per cent of their indebtedness a certificate of discharge should be granted them. They made the payment and the discharge was granted. The plaintiff received twenty cents on the dollar upon the claim proved, which claim included, among other things, the note in suit.

The plaintiff is a national banking association, organized under the United States statute, at Springfield, in the county of Hampden and State of Massachusetts, where it was located and had its place of business. The Hurlbuts were both residents of the State of Massachusetts, and the defendant was a resident of this State.

The question presented at the trial was whether the discharge of the Hurlbuts under the Massachusetts insolvent law furnishes a defense to the defendant as against his liability as maker of the note in suit.

The court directed a verdict for the plaintiff, and from the judgment thereupon entered this appeal is taken.

It is urged, upon the part of the plaintiff, that conceding that the defendant occupied the position of accommodation maker and the Hurlbuts were principal debtors, the discharge of the Hurlbuts in the insolvency proceedings would not discharge the liability of the defendant, because, under the insolvent laws of Massachusetts, it is expressly provided that a discharge shall not release or discharge a person liable for the same debt as partner, joint contractor, indorser, surety or otherwise. This proposition it does not seem to be necessary to decide in the disposition of this case. But it is doubtful whether the courts of this State, as against a resident of this State, would give effect to this provision of the statute law of Massachusetts in contradiction of its own policy in that regard. But we think there is another proposition which is fatal to the defendant's contention, and that is the plaintiff, the owner of the debt, and the Hurlbuts, the debtors, were both residents of Massachusetts. The insolvency court acquired jurisdiction, both of the subject matter, viz., of the debt due to the plaintiff and of the persons, both debtors and creditor. The discharge of the debtors under the insolvent laws discharged the debt as to them, whether the creditor appeared or not, and, therefore the appearance of the creditor and the taking of the dividend in no way deprived the surety of any rights which he could have maintained had not such appearance been had.

It is a well-established principle that where debtor and creditor reside in the same State and the debtor is discharged by the insolvent laws of that State that the discharge is valid everywhere. And it is equally well settled that where a debtor and creditor are residents of different States a discharge under the bankrupt laws of the State where the debtor is domiciled will not operate as a discharge of the debt in the State where the creditor is domiciled. It was for this reason that it was held in the cases cited by the defendant that the appearance of the creditor in the bankruptcy court, and thus conferring jurisdiction upon the bankruptcy court, although not a resident of the country over which the court had jurisdiction, and the accepting of a dividend, discharged the surety. In such a case, unless the creditor had intervened, the discharge would have had no effect upon the debt in the jurisdiction where the creditor and the surety lived, and the property of the debtor which might come into that jurisdiction could be made subject to the payment of the debt. But no case has been found, and no principle adverted to, where the debtor and creditor reside in the same State, and the discharge would be operative whether the creditor appeared and proved his debt or not, holding that the proving of a debt or the taking of a dividend by the creditor discharges the surety.

The whole theory of these decisions is that the surety is entitled to be subrogated to the rights of the creditor; and that in a case where the discharge becomes operative as to the debtor the right of the surety is cut off without his having an opportunity to be heard; and where that is done voluntarily by the creditor he cannot subsequently come upon the surety for any portion of the debt. But where the discharge has taken place involuntarily, or where, whether the creditor appeared or not, the same result would have followed, except that the surety's liability would have been increased because the debt would not have been diminished by the dividend, the rule in the cases cited cannot apply.

It is urged, upon the part of the appellant, that the mere fact that the creditor resided in the State with the bankrupt would not destroy a foreign surety's right to subrogation. But in this proposition the learned counsel overlooks the principle which is conceded in the cases of *Gardner* v. *Oliver Lee's Bank* (11 Barb., 558) and *Phelps* v. *Borland* (103 N. Y., 406) that if the bankrupt court acquired jurisdiction

of the creditor without his intervention, the debt would have been discharged and the surety would have lost no rights. And those cases were decided as they were, only because the creditor voluntarily intervened, and gave the court jurisdiction to so discharge the debt that the rights of the surety were gone. If a bankruptcy court, having jurisdiction of the person of the creditor, could not discharge the debt so that the right of the surety would be extinguished, it could not do so where the creditor having appeared, being a non-resident, thus conferred jurisdiction. But the contrary is the rule recognized by the cases above cited, viz., that where the court has jurisdiction of the person in proceedings of this description, where the creditor is a resident within the jurisdiction of the insolvency court, its decree discharges the debtor absolutely, and there are no rights against the debtor to which anybody can be subrogated.

The judgment should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.